Davis, J.
It convincingly appears that there was a defective fence between the railroad company’s right of way and the plaintiff’s land; that the plaintiff knew that the fence was defective; that the railroad company had men and material on the ground and was proceeding with the work of reconstructing the fence on the same line on which the old fence was situated; and that the plaintiff thereupon, claiming that the fence was not on the true line, both orally and in writing notified the company’s employes to cease erecting a fence on that line, accompanying the notice with a covert threat that if they did not heed the warning they would have to take the consequences. The company’s servants thereupon left the fence in the condition in which it was when the plaintiff ordered them to stop the work. The plaintiff never retracted or modified this demand or order; and with full knowledge of the condition of the fence he continued to pasture his horse there for about two years until it was injured on his own premises by becoming entangled in a barbed wire belonging to the fence and lying loose upon the ground.
Under these facts, which are substantially undisputed, it does not seem to us to be necessary to determine whether the demurrer to the petition should have been sustained or overruled; nor whether the standards of the common law or those *394 of the statute regulating the fencing of railways should be applied in this case. If it be conceded that it was the duty of the railroad company to so construct and maintain a fence between its premises and those of the plaintiff as to avoid injuring the plaintiffs stock while on his land and hot on the railroad track or right of way, we are. still confronted with the question whether the plaintiff has not forfeited whatever right to compensation he might have had by his own contributory negligence; for it was elaborately discussed and decided in Railway Co. v. Methven, 21 Ohio St., 586, that whether the right of recovery be under the common law-or under a statute, the doctrine of contributory negligence applies, unless it is clearly forbidden by statute.
The facts in this case show that the plaintiff was directly responsible for the condition of the fence at the time the horse was injured. It was being rebuilt when he peremptorily ordered the workmen away. His alleged reason for doing so may have been a good one; but whether he was right or wrong in his claim that the company was encroaching on his land it should at least appear that he made some -effort, during the two years that elapsed before the accident, to settle the true line. The company was proceeding to reconstruct the fence on the line formerly occupied and it is not suggested that it had ever been disputed before; nor is there anything in the record to raise even a suspicion that it was not the true line, except the plaintiff’s denial; and indeed, the plaintiff admitted ón the trial that the fence was on the true line. The railroad company therefore, so far *395 as the rights of the plaintiff are concerned, was absolved from the duty of repairing or reconstructing the fence so long as his notice and the accompanying threats stood unretracted and so long as the dispute about the line was not settled.
The judgments of the circuit court and that of the court of common pleas are reversed and we render a final

Judgment for plaintiff in error.

Shauck, C. J., Crew, Summers and Spear, JJ., concur.